If a deed of gift of slaves and personalty be procured by the fraud of the children of donor, a wife subsequently taken by the donor, on his death has such an interest as will authorize her to apply to the Chancellor to vacate it.

## Petty *vs* Webb, Petty, &c.

### APPEAL FROM THE FAYETTE CIRCUIT.

#### *Deeds of gift. Fraud.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THE history of this case will be found reported in the case of *Petty* vs *Petty, et al.* (4 *B. Monroe*, 215.) Upon the return of the cause in said case, the old gentleman, Petty, having died, a bill was filed by his wife, asserting her claim as widow, to the slaves and personalty. The bill was dismissed and she has appealed to this Court. The deed of gift is alledged to have been procured from the old man by fraud and a misapprehension impressed on his mind by the draftsman and others, that he could at any future time revoke it at pleasure.

We cannot doubt that if the fraud or mistake was such as to entitle old Mr. Petty, in his lifetime, or his heirs or personal representatives after his death, to set aside the deed, that she, as his widow, has such a vested interest in his estate, as would authorize her to set it aside also.

But from the evidence now in the record, we are not satisfied that he or they could have annulled the deed, and if they could not, neither has she the right to do so.

1st. It appears that he frequently expressed his deliberate purpose and intention so to arrange his estate, in the event of his marriage, as to secure his property to his children, and keep it from the claim and control of his second wife.

2d. It does not appear that he would not have executed the deed if he had known, certainly, that he could not revoke it. So far from it, when advised by the draftsman, on his first application to him to prepare it, that he could not revoke it, he still urged him to go on and prepare it, and he would come to town in a few days and sign it.

3d. Though to get clear of his importunities on the subject of his right to revoke, when he signed the deed

the draftsman told him that he had a right to revoke it, having told him before that he had no such right, it was his business, in the exercise of reasonable diligence, to have informed himself fully, before he executed the deed.

4th. There is no evidence that the donees, in any respect, participated in producing the impression upon his mind, that he could revoke the deed, if such impression existed, or that they or either of them exercised any influence over him, or took any part or concern in producing the execution of the deed.

It is, therefore, the opinion of the Court, that the decree of the Circuit Court be affirmed.

*Wickliffe* for appellant: *Robinson & Johnson* for appellees.